NATIONAL ENGINEERING & CONTRACTING CO., Plaintiff,

v.

UNITED STATES of America DEPARTMENT OF LABOR OCCUPATIONAL SAFETY & HEALTH ADMINISTRATION, Defendant.

No. HS-1-88-291.

United States District Court,
S.D. Ohio, W.D.

Sept. 14, 1989.

Kent W. Seifried, Cincinnati, Ohio, for plaintiff.

Janice L. Thompson, U.S. Dept. of Labor, Cleveland, Ohio, for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court as the result of a decision by the Magistrate restricting an OSHA subpoena. The Magistrate held that, because OSHA alleged that it found violations during the "plain sight" investigation conducted pursuant to an order of the Court, the OSHA subpoenas should be restricted to the production of National's records for injury and illness for job site Section 4A from the date of the crane boom accident (Oct. 21, 1986) to the date of OSHA's latest inspection (June 15, 1988). National had objected to the OSHA subpoena because it was not limited to any particular year or purpose nor was it limited to the Millcreek project.

The Court GRANTS defendant's Application for Leave to File Additional Recent Court Decisions (doc. no. 8) and its Motion for Leave to File Reply Instanter (doc. no. 10). The Court has considered those and plaintiff's most recent filing as well as all other relevant memoranda.

National Engineering is a construction and engineering company which conducts business nationwide and is subject to the provisions of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.*, and the Occupational Safety and Health standards or regulations promulgated thereunder as set forth in 29 C.F.R. §§ 1903, 1904, 1919 and 1926. National is required, pursuant to Title 29 U.S.C. § 657(c), to maintain OSHA illness and injury records. *See v. City of Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967).

It is uncontroverted that an accident did occur at one of National's work sites. On October 21, 1986, an electrical accident occurred at the Milcreek work site in Hamilton County, Ohio when the boom of a concrete pump truck came in contact with overhead electrical wires. Four men were injured on the construction site. During the inspection of that job site and in accordance with its normal procedures, the Secretary requested copies of National's occupational injury and illness records known as OSHA Form 200. National declined to provide the requested records. These forms were kept by National in Strongville, Ohio at the company offices.

OSHA completed its inspection of National's work site on September 15, 1988 and a citation was issued to National Engineering.

In *Sec. of Labor v. Taft Broadcasting Co. Kings Island Div.*, 849 F.2d 990 (6th Cir.1988), the Court said:

> 29 U.S.C. § 651 *et seq.*, was enacted 'to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources." 29 U.S.C. § 651(b). To enforce the Act's provisions, the act provides 'for appropriate reporting procedures with respect to oc-

cupational safety and health ...' 29 U.S.C § 651(b)(12).

The specific record keeping and reporting responsibilities of employers are set out in 29 U.S.C. § 657. Each employer is required to 'make, keep and preserve, and make available to the Secretary ... such records regarding his activities relating to [the Act]' as the Secretary 'may prescribe by regulation as necessary or appropriate for the enforcement of [the Act] or for developing information regarding the causes and prevention of occupational accidents and illnesses.' 29 U.S.C. § 657(c)(1). The Act also imposes a mandatory duty on the Secretary to prescribe regulations 'requiring employers to maintain accurate records of, and to make periodic reports on, work-related deaths, injuries and illnesses other than minor injuries requiring only first aid treatment and which do not involve medical treatment, loss of consciousness, restriction of work or motion, or transfer to another job.' 29 U.S.C. § 657(c)(2). The Act further requires the Secretary to 'compile accurate statistics on work injuries and illnesses,' and specifically authorizes the Secretary to require employers to file reports '[o]n the basis of the records made and kept pursuant to section 657(c) ...' 29 U.S.C. §§ 673(a) and (e).

Pursuant to the authority conferred by the Act, the Secretary has promulgated regulations on record keeping and reporting of occupational injuries and illnesses. *See* 29 C.F.R. § 1904. Employers are required to 'maintain in each establishment a log and summary of all recordable occupational injuries and illnesses for that establishment,' using OSHA Form 200 or an equivalent. 29 C.F.R. § 1904.2. Each employer is required to 'have available for inspection' a more detailed 'supplementary record for each occupational injury or illness,' recorded on either Form 101 or an acceptable alternative record. 29 C.F.R. § 1904.4. An employer is also required to post at his work site an annual summary of each establishment's occupational injuries and illnesses, comprised of the year's totals from OSHA Form 200s. 29 C.F.R. § 1904.5. The records must be retained in each establishment for a period of five (5) years. 29 C.F.R. § 1904.6. Finally, the regulations provide, in relevant part:

Each employer shall provide, upon request, records provided for in §§ 1904.- 2, 1904.4 and 1904.5, for inspection and copying by any representative of the Secretary of Labor for the purpose of carrying out the provisions of the act....

29 C.F.R. § 1904.7(a).

With respect to the records at issue in this case, the OSHA Operations Manual *permits* access to be achieved by means of a subpoena or a warrant, *but does not require* either type of legal process. On the contrary, Chapter VI of the Manual specifically provides that '[i]f the employer fails upon request to provide records required ... for inspection and copying ... a citation for violation of 1904.7 shall normally be issued.' *Occupational Safety and Health Administration Field Operations Manual VI–17.*

The law of this Circuit requires a warrant or administrative subpoena to issue when an employer does not consent to a search of records that the employer is required to keep under the Act. *Id.* The requirements of the fourth amendment were set forth by the Supreme Court:

It is now settled that, when an administrative agency subpoenas corporate books or records, the fourth amendment requires that the subpoena be sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome. The agency has the right to conduct all reasonable inspections of such documents which are contemplated by statute, but it must delimit the confines of a search by designating the needed documents in a formal subpoena. In addition, while the demand to inspect may be issued by the agency, in the form of an administrative subpoena, it may not be made and enforced by the inspector in the field, and the subpoenaed party may obtain judicial review of the reasonable-

ness of the demand prior to suffering penalties for refusing to comply.

*See v. City of Seattle,* 387 U.S. 541, 544, 87 S.Ct. 1737, 1740, 18 L.Ed.2d 943 (1967).

In the instant case, the records in question are specifically set forth in the subpoena as follows:

Occupational Injury and Illness Records of National Engineering and Contracting Company as described in 29 C.F.R. 1904.-2(a) (attached) for the five previous calendar years and 1988 records to date.

OSHA is requesting OSHA form 200s or their equivalent. These are the records which are required to be kept by each employer covered under the Act. National has multiple job sites thus its personnel do not primarily report to a single location or job site each day. The records are therefore requested from the location at which they are maintained. 29 C.F.R. § 1904.12(g). This location, according to National, is the company's offices in Strongville, Ohio. (Exhibit I). OSHA is not requesting all of the OSHA records required to be maintained by National Engineering under 29 C.F.R. § 1904 nor is it requesting other corporate records not required to be maintained by the OSHA regulations. OSHA is requesting only the OSHA form 200s maintained by National Engineering at its Strongville, Ohio offices. (See Exhibit H Sample copy of the form attached). Moreover, 29 C.F.R. § 1904.6 requires employers to retain OSHA 200s "in each establishment for five years following the end of the year to which they relate." In its subpoena, OSHA has asked National Engineering for only those years it is required to retain under the regulations. OSHA is asking for no more than one copy of one specific form required to be maintained by the employer over the last five years. The request should consist of less than twenty-five pages. Clearly, the request is limited in scope, specific in directive and not burdensome.

As stated above, the purpose of the recordkeeping and reporting by employers is for enforcement of the Act, for developing information regarding the causes and prevention of occupational accidents and illnesses, and for maintaining a program of collection, compilation, and analysis of occupational safety and health statistics. 29 C.F.R. § 1904.1. The OSHA form 200s and the Log and Summary of Occupational Injuries and Illnesses are extremely relevant in fulfilling the purposes of the Act. In fact it is hard to conceive of a government agency or private entity having a more relevant purpose in requesting OSHA Form 200s than OSHA.

Having found during the June inspection violations of the Act, OSHA has probable cause to view these records to determine if these or other violative conditions exist at this and other job sites in order to advise the employer of ways to prevent injury and illness. This Court finds that it is reasonable for OSHA to do the record checks normally done during all of its investigations. This Court will not permit National, nor is it entitled to receive, an exemption from disclosing its form 200s, which are required to be kept and preserved by the Act, merely because of the numerous delays caused by litigation it has initiated during this investigation. This Motion to Quash Subpoena (doc. no. 1) is just another indication of its attempt to stonewall the legitimate concerns of the Secretary in this case.

This Court's Order of June 10, 1988 placed absolutely no limitations on any statutory authority given OSHA, particularly not on its subpoena power under 29 U.S.C. § 657(b) which was not involved. Nor was it the intention of this Court to interfere in any regard with the goals of the Occupational Safety and Health Act.

It is, therefore, the Order of this Court that National Engineering and Contracting Company comply with the subpoena issued to it within 30 days from the date of this Order. If the parties cannot agree upon a mutual time and place for delivery of the records, upon application by either party, this Court will set the time and the place and impose appropriate sanctions, if required, to prevent further unreasonable conduct upon the part of either party.

This Court finds that the request for the production of the form 200s as requested in

the subpoena is reasonable and not burdensome to National Engineering and Contracting Company, is within the scope of the continuing investigation of safety practices of the National Engineering and Contracting Company, and is required by the very tenet and purposes of the Act.

The Motion for the request for sanctions made by plaintiff is ill advised, and only serves to further demonstrate its attitude in this case. It is DENIED.

IT IS SO ORDERED.